**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

DONALD E. PHILIPS, et al.,

    Plaintiffs,

vs.

BRAD WITTROCK, et al.,

    Defendants.

No. 18-CV-4016-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.   INTRODUCTION.* ............................................................................*1*
*II.  RELEVANT PROCEDURAL HISTORY.* ..............................................*1*
*III. SUMMARY JUDGMENT STANDARD.* ................................................*2*
*IV. RELEVANT FACTUAL BACKGROUND.* ............................................*4*
    *A.  The Parties.* ..........................................................................*5*
    *B.  The Plaintiffs' Claims.* ............................................................*5*
*V.  ANALYSIS.* ..................................................................................*7*
    *A.  Access to the Courts.* ..............................................................*8*
        *1.  Applicable law.* ...........................................................*8*
        *2.  Application.* ................................................................*8*
    *B.  Qualified Immunity.* ...............................................................*9*
    *C.  Eleventh Amendment Immunity and Personal Responsibility.* ..........*10*
*VI. CONCLUSION.* ...........................................................................*10*

*I. INTRODUCTION*

The matter before the court is Defendant Brad Wittrock and Defenant Cory Turner's "Motion for Summary Judgment" ("Motion") (docket no. 28).

*II. RELEVANT PROCEDURAL HISTORY*

On February 26, 2018, Plaintiffs Donald E. Philips, Joseph Preston, Carl Rupe,

Jason Lee Cook and Dave L. Taft, Jr. filed the pro se Complaint (docket no. 1-1). The Complaint, brought under 42 U.S.C. § 1983, alleges four claims. First, Plaintiffs allege that the monetary account system used by the Civil Commitment Unit for Sexual Offenders ("CCUSO") located in Cherokee, Iowa, infringes upon their constitutional rights. *See generally* Complaint at 3-5. Second, Plaintiffs allege that their patient rooms lack an adequate number of electrical outlets. *See generally id*. at 5-7. Third, Plaintiffs allege that they are denied access to legal materials at the CCUSO facility, including not having a law library, being denied access to legal resources and being discouraged from discussing legal issues. *See generally id*. at 7-9. Fourth Plaintiffs complain about not having plastic toilet seats in certain restrooms at the CCUSO facility. *See generally id*. at 9-10. On March 8, 2018, the court entered an Order denying Plaintiffs' claims related to (1) the monetary account system, (2) the electrical outlets and (3) the plastic toilet seats. *See* March 8, 2018 Order (docket no. 3) at 8.

On April 23, 2018, Plaintiffs filed a pro se "Motion for Permission to Amend Complaint" (docket no. 22). On the same date, the court entered an Order denying the motion to amend. *See* April 23, 2018 Order (docket no. 23) at 1. On May 16, 2018, Defendants filed an Answer (docket no. 26) to the Complaint. On August 15, 2018, Defendants filed the Motion. Plaintiffs did not file a resistance to the Motion. The matter is fully submitted and ready for decision.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "A

dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016) (quoting *Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833, 837-38 (8th Cir. 2011)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts' . . . ." *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (third alteration in original) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010). "Evidence, not contentions, avoids summary

judgment." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## IV. RELEVANT FACTUAL BACKGROUND

By failing to file a resistance, Plaintiffs have not complied with the Local Rules and Federal Rules of Civil Procedure. Local Rule 56(b) requires that any party resisting a motion for summary judgment to file a brief "responding[ing] to each of the grounds asserted in the motion for summary judgment." LR 56(b)(1). Local Rule 56(b) also requires that the resisting party respond to the moving party's statement of material facts by "expressly admit[ting], deny[ing], or qualify[ing] each of the moving party's numbered statements of fact." LR 56(b)(2). "The failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." LR 56(b). The Federal Rules of Civil Procedure similarly provide that, if a resisting party:

> fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials including the facts considered undisputed show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

While the court is cognizant that Plaintiffs are appearing pro se, this does not excuse the noncompliance with the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001) (concluding that a pro se plaintiff "was required to respond to defendants' motions with specific factual support for his claims to avoid summary judgment"). The court finds that allowing Plaintiffs additional time to file a resistance would be futile and would unduly delay the adjudication of this case. Accordingly, the court shall consider any material facts contained in the Statement

4

of Material Facts ("SMF") (docket no. 28-1) as undisputed, if those facts are properly supported by citations to the Appendix (docket no. 28-3).

### A. The Parties

Plaintiffs are patients at CCUSO, who were civilly committed to the secure facility pursuant to Iowa Code section 229A. *See* Complaint at 2; Answer at ¶ 5. Defendant Brad Wittrock is the Deputy Superintendent and Director of Security at CCUSO. *See* Complaint at 2; Answer at ¶ 6. Defendant Cory Turner is the Superintendent of CCUSO. *See* Complaint at 2-3; Answer at ¶ 7.

### B. The Plaintiffs' Claims

In the Complaint, Plaintiffs assert that CCUSO lacks an adequate law library. *See generally* Complaint at 7. Plaintiffs seek the following legal materials, "Supreme Court Reporters, Northwestern Reporters, Federal Supplements, Federal Reporters . . . Shepardize Books, Martindale Hubbell Books [and] [c]omputers solely used for [l]egal [r]esearch and filings of [pro se] [f]orms or other legal stuff." *Id*. at 8-9.

CCUSO makes the following legal materials available to its patients: Lexis Nexis, the Iowa Code (2011, 2013, 2015), the Federal Rules of Civil Procedure (2011-2016 editions), the Prisoner's Self-Help Litigation Manual (Fourth Edition), the Local Rules for both the Northern and Southern Districts of Iowa. *See* Defendants' SMF at ¶ 2; Defendants' Appendix at 125; 162-63. The Lexis Nexis software is available on three computers designated for patient use. Defendants' SMF at ¶ 3; Defendants' Appendix at 125.

Plaintiff Joseph Preston was committed to CCUSO in 2008. Defendants' SMF at ¶ 4; Defendants' Appendix at 7. Preston is represented by Amy Kepes in his state court commitment case. Defendants' SMF at ¶ 7; Defendants' Appendix at 10-11. At his deposition, Preston testified that pro se claims that he had filed in state and federal court had not been impaired by the alleged lack of legal resources at CCUSO. *See generally*,

Defendants' SMF at ¶¶ 5-6, 9-12; Defendants' Appendix at 18-19.  Preston has not filed a complaint or grievance with CCUSO stating that he lacked adequate access to legal resources at CCUSO.  Defendants' SMF at ¶ 14; Defendants' Appendix at 19.

Plaintiff Dave L. Taft, Jr. was committed to CCUSO in 2005.  Defendants' SMF at ¶ 15; Defendants' Appendix at 35.  Taft has several pending cases, including a case involving lack of adequate treatment and confiscation of items, an appeal on a gender discrimination case and his state commitment case.  Defendants' SMF at ¶ 16; Defendants' Appendix at 38.  Taft is represented by Phil Mears on the state court commitment case, by Bob Tiefenthaler on the adequate treatment/confiscation of items case and by Michael Gooch in the gender discrimination appeal.  Defendants' SMF at ¶¶ 17, 19, 21; Defendants' Appendix at 39-40.  At his deposition, Taft testified that he was satisfied with his representation in his various cases, and that there are no legal materials that he wanted to access but was unable to access at CCUSO.  Defendants' SMF at ¶¶ 18, 20, 22; Defendants' Appendix at 46-48.  Further, when asked whether any of his legal cases had been "impaired" due a lack of adequate legal materials, Taft responded that "I have not been too impoverished or   or too held back."  Defendants' SMF at ¶ 28; Defendants' Appendix at 51.

Plaintiff Donald E. Philips was committed to CCUSO in 2007.  Defendants' SMF at ¶ 33; Defendants' Appendix at 70.  Philips is represented by Michael Gooch in the gender discrimination case that is being litigating with Taft.  Defendants' SMF at ¶ 35; Defendants' Appendix at 72.  Philips is also represented by a state public defender in his state court commitment case.  Defendants' SMF at ¶ 37; Defendants' Appendix at 72, 74. Philips did not identify any current or pending claim that he wanted to research. Defendants' SMF at ¶ 43; Defendants' Appendix at 80-81.

Plaintiff Carl Rupe was committed to CCUSO in January 2018.  Defendants' SMF at ¶ 45; Defendants' Appendix at 90.  Rupe is represented by a state public defender in his

6

state court commitment case. Defendants' SMF at ¶ 47; Defendants' Appendix at 92. At his deposition, Rupe stated that he is requesting CCUSO to obtain "civil laws," and that he has never been to the law library at CCUSO. Defendants' SMF at ¶¶ 48-49; Defendants' Appendix at 93-94.

Plaintiff Jason Cook was committed to CCUSO in 2012, but was not admitted to CCUSO until 2013. Defendants' SMF at ¶ 53; Defendants' Appendix at 113-14. Cook is represented by Tom Gaul in his state court commitment case. Defendants' SMF at ¶ 55; Defendants' Appendix at 115. At his deposition, when asked whether he thought his state court commitment case was "impaired" due to a lack of legal resources, Cook replied "I don't think so. No." Defendants' Appendix at 118; *see also generally* Defendants' SMF at ¶ 58. Cook has not filed a complaint or grievance with CCUSO complaining of a lack of adequate access to legal resources at CCUSO. Defendants' SMF at ¶ 59; Defendants' Appendix at 120-22.

Two of the Plaintiffs, Taft and Philips were named plaintiffs in a certified class action that brought § 1983 claims against CCUSO regarding conditions of their confinement. *See generally* Defendants' SMF at ¶ 71; Defendants' Appendix at 134-35. On April 26, 2012, the United States District Court for the Northern District of Iowa approved a settlement for the certified class action claims in Case No. 05-CV-4065. Defendants' SMF at ¶ 70; Defendants' Appendix at 134. In part, the settlement related to adequate access to legal materials. *Id.*; Defendants' Appendix at 137.

## V. ANALYSIS

Plaintiffs argue that CCUSO lacks an adequate law library. Plaintiffs request that CCUSO provide them access to legal books, including "Supreme Court Reporters, Northwestern Reporters, Federal Supplements, Federal Reporters . . . Shepardize Books, Martindale Hubbell Books [and] [c]omputers solely used for [l]egal [r]esearch and filings of [pro se] [f]orms or other legal stuff." Complaint at 8-9.

7

### A. Access to the Courts

#### 1. Applicable law

"The Constitution guarantees prisoners a right to access the courts."[1] *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "For prisoners, meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id*. (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996)).

In order to prove a violation of the right to meaningful access to the courts, a patient "must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White*, 494 F.3d at 680. Actual injury requires the patient to prove that "'a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Casey*, 518 U.S. at 353).

#### 2. Application

Defendants argue that Plaintiffs have failed to allege, much less prove, actual injuries arising from the alleged denial of access to the courts. *See generally* Defendants' Brief in Support of Motion for Summary Judgment ("Defendants' Brief") (docket no. 28-2) at 3-5. Here, Plaintiffs are all represented by counsel in their state court commitment

---

[1] Plaintiffs are civilly-committed patients, not prisoners. However, the Eighth Circuit Court of Appeals often uses prisoner standards when evaluating 42 U.S.C. § 1983 claims filed by civilly-committed individuals, including "access to courts" claims. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (discussing the prisoner standard for access to the court in affirming a case arising out of Minnesota's civil commitment program for sexual offenders).

cases.[2] None of the Plaintiffs' allegations of denial of access to the courts resulted in an actual injury. Specifically, at his deposition, Preston testified that none of his claims had been impaired by the alleged lack of legal resources at CCUSO. At his deposition, Taft testified that he had not been "held back" by the alleged lack of legal resources at CCUSO. Philips did not identify any claim that he wanted to research or was denied the ability to research. At his deposition, Rupe stated that he had never even been to the law library at CCUSO. At his deposition, Cook testified that any claims he had were not "impaired" due to a lack of legal resources. Additionally, both Philips and Taft were plaintiffs in an earlier case that settled, among other things, issues related to the adequacy of the CCUSO library. Since the prior case settlement, the CCUSO library has added Lexis Nexis, providing additional legal resources to the patients from when the previous case was settled. Based on the foregoing, the court finds that Plaintiffs have not only failed to prove any injuries from the denial of access to the courts, Plaintiffs have failed to even allege an actual instance of being denied such access. Accordingly, Plaintiffs' access to the courts claims fail as a matter of law.

### B. *Qualified Immunity*

Having concluded that Defendants are entitled to judgment as a matter of law because the record fails to establish a genuine issue of material fact with regard to whether Plaintiffs' constitutional rights to access to the courts have been violated, it is not necessary to review Defendants' remaining contention that they are entitled to qualified immunity. Nonetheless, qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and the record does not establish that Defendants violated the law. *See Hill v. McKinley*, 311 F.3d 899, 903-04 (8th Cir. 2002) (concluding that defendants were entitled to qualified immunity

---

[2] Both Taft and Philips also have counsel for their non-state court commitment cases, except for the instant pro se § 1983 claim for denial of access to the courts.

9

because their actions did not violate clearly established law); *see also Howard v. Kansas City Police Department*, 570 F.3d 984, 987-88 (8th Cir. 2009) ("'Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.' *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006)."). Indeed, Defendants provide Plaintiffs with access to more than adequate legal materials and facilitate contact with appointed counsel.

### C. *Eleventh Amendment Immunity and Personal Responsibility*

Finally, Defendants raise issues of Eleventh Amendment immunity and personal responsibility. *See generally* Defendants' Brief at 7-8. Having determined that Defendants are entitled to judgment as a matter of law because Plaintiffs' access to the courts claims lack merit, and because Defendants are shielded by qualified immunity, the court finds that it need not address these alternative arguments.

### VI. CONCLUSION

In light of the foregoing, Defendants' Motion for Summary Judgment (docket no. 28) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Brad Wittrock and Cory Turner and against Plaintiffs Donald E. Philips, Joseph Preston, Carl Rupe, Jason Lee Cook and Dave L. Taft, Jr. Further, the Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 21st day of March, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA